The opinion of the court was delivered by
Breaux, J.
The relator was charged with slander. Having been arraigned, he was tried on the 18th day of November, 1890, found guilty, and sentenced to be imprisoned in 'the parish jail during a period of three months and to pay a fine of $75 and all costs, and in default of payment to be imprisoned six months additional.' He filed no special pleas, no motion to quash, or in arrest of 'judgment.
He was tried by a jury.
*1161 He applies for a writ of certiorari, and assigns as error patent on the face of the record that the information is null because it does not state the time of the alleged slander with legal certainty.
Because “malice is not alleged nor the words used by the relator; the averment as to that ingredient of the offence being a conclusion of the pleader.”
The relator further alleges that the information does not set forth any act of publication nor the words “of and concerning” whom the words were used.
. The respondent judge answers substantially that the relator cannot invoke the supervisory powers of this court, as he has virtually abandoned the pleas he now presents; that he took the chances of an acquittal, without regard to any plea, except that of “not guilty,” and met with an unfavorable verdict, from which he can not be relieved by a writ of certiorari.
The offence is described as follows in the information:
“That one C. D. Otis, at the parish aforesaid, on the 22d day of February, 1890, and at other times during the year 1890, did, without probable cause, defame and slander one Jules G. Laurent, a person •of good repute, and did then and there give currency to slanderous and defamatory words against the said Jules G. Laurent; the wrongful and unlawful act of having committed wilful and corrupt perjury with the intention of bringing the said Laurent into public contempt, and of subjecting him to ridicule and injury.”
This information was filed under Act 118 of 1888, making the slandering and defamation of any person of good repute by imputing to such person the commission of any crime a misdemeanor:
Having failed to present by motion to quash or motion in arrest of judgment the defences now urged, the question presents itself as to whether they can be brought up by writ of certiorari under the supervisory powers of the court.
The decisions prior to the Constitution of 1879 required some action on the part of the accused by way of demurrer, motion to quash or motion in arrest, to give- him the right to avail himself, on appeal, of defects apparent on the face of the information in an assignment of errors. State vs. Bass, 11 An. 862; State vs. Arthur, 10 An. 265; State vs. Benjamin, 7 An. 48.
These decisions would not of themselves be held sufficient to maintain a principle, changed by subsequent laws, and will be con *1162 sidered authority on the subject presented only to the extent that later decisions corroborate their correctness under present laws.
In the case of the State vs. Tony Taylor, 37 An. 40, it was decided that errors of form should be presented by motion to quash the indictment; while errors of substance should be pleaded by motion in arrest of judgment.
The defences in matters of form and of substance were limited to these pleas.
In the case of the State vs. Romano, 37 An. 99, the court held that “ the appeal having been brought up without an assignment of errors, without a bill of exception, without a plea in bar, and without a motion in arrest of judgment, the court will not review questions of law that have not been decided by the court ” a qua.
The relator contends that the reference to “the assignment of errors ” in this case, and not made in the Tony Taylor case, enlarges the doctrine of defences by assignment of errors (and therefore also by writ of certiorari) irrespective of bills of exception, pleas in bar, and motions in arrest of judgment.
Possibly it does, but not to the extent asserted by relator.
Por even in that case the court holds: “ It is unquestionably powerless to review a question of law which has not been submitted to or passed upon by the court ” a qua.
But we will not limit our inquiry, when the powers of the court under Article 90 of the Constitution are invoked, to the authorities applying to assignment of errors, and the questions that must be submitted to the court a qua, in order to enable the pleader to have questions reviewed on appeal.
We will extend our examination further and determine whether the information sufficiently indicated the substance of the- offence to place the accused on his defence.
To maintain his application for a writ of certiorari, the relato^ must establish that the information is wanting in substantial averments of the offence, and is not susceptible of being cured by the sanction of the accused.
The time, name and the offence charged are alleged; also the crime imputed to the person stated as having been slandered. It is urged, in the first place, that the word “malice” is not alleged in the information. To this it is sufficient answer that it is not in the statute denouncing the offence.
*1163 The words “maliciously” “and such like” “'are unnecessary if they are not to be found in the very definition of the offence, either at common law or in the purview of a statute; and at common law it seldom happens that one of the expressions may not be supplied by an equivalent one.” Wharton, Yol. 1, p. 403, 7th B.
If there was any necessity to supply that word, it was supplied by the words of the statute.
It is next charged that the offence as set forth was merely the conclusion of the pleader.
The crime imputed to have been committed by the person alleged to have been slandered is charged, not in technical terms, it is true, but nevertheless the relator was placed on his defence.
The evidence was admitted without objection.
He might have required greater specification of the offence, but he did not avail himself of that right.
On his application for a writ of certiorari, we will not cure his omission or neglect in not requiring more ample definition.
With reference to these and the other grounds urged in the application, we will add that at this time, in the proceedings, we can but decide that an information substantially couched in the terms of the statute (although the offence is not as clearly set forth as should have been), charging that the relator did slander and defame, is not so illegal as to make it legal for the court to interpose its supervisory control.
The mandate of certiorari issues when the proceedings are null, or have not been sanctioned by the party complaining of them. O. P. 864.
Not an illegality is found but what was cured by the sanction of the defendant.
The laudable zeal of counsel in behalf of his client has prompted us to carefully consider every proposition, and to closely examine the authorities bearing on the issues presented.
We find our conclusion expressed in the last sentence of the Romano ease, a case in pari materia: “It is too clear for further argument that the defence comes too late, and that it can not be considered.”
Prayer for a writ of certiorari is denied, and relator’s application is dismissed.